HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES NOLON BUSH,<br><br>Defendant. | Case No. CR06-5504RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Review of Detention Order and for Release. [Dkt. #23]. The Court has considered the motion, the memorandum in support of the motion, and the entirety of the record and file herein. For the reasons set forth below, the defendant's motion is **DENIED**.

The defendant is charged with 32 counts of Securities Fraud, Wire Fraud, Mail Fraud and Money Laundering. [Dkt. #1]. The government claims Mr. Bush has been engaged in a variety of scams throughout the country and beyond since the 1980s, and that there are more than $30 million in losses. Mr. Bush was in Poland at the time the indictment was returned, and he strenuously fought extradition. In addition to his ties to Poland, Mr. Bush maintains bank accounts in Canada and Grenada, and has done business in Mexico and Nevis.

On January 28, 2008, Magistrate Judge J. Kelley Arnold ordered Mr. Bush detained 'without prejudice to review." [Dkt. #13]. Mr. Bush seeks release on the basis that there are less restrictive alternatives and

conditions which would guarantee his appearance for trial. He suggest that he be permitted to reside at a "halfway house," with either electronic home monitoring or a GPS monitoring device. The government points out that these efforts would not greatly reduce the likelihood that Mr. Bush would flee, as he has done before. He apparently has the wherewithal to finance flight. He continued to perpetuate his investment schemes even after the FBI warned him that his conduct was illegal.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990); *see also* 18 U.S.C. §3145(b). In order for the defendant to be detained prior to trial, the Court must find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[]." 18 U.S.C. §3142(e). Because the charged offense involves a potential sentence of ten or more years, a rebuttable presumption exists that the defendant be detained. *Id*.

The defendant has not carried his burden to demonstrate that he is not a danger to the community; defendant poses a significant risk to the community, and he is a flight risk. The Court finds that no conditions of release will alleviate these risks. Therefore, Defendant's Motion to Revoke the Detention Order and to Set Conditions of Release [Dkt. #23] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of May, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE