HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES NOLON BUSH,

Defendant.

Case No. CR06-5504RBL

ORDER

THIS MATTER comes on before the Court upon the following Motions: Defendant's Motion Re: Corporation Sole [Dkt. #33]; Defendant's Motion Re: Statute of Limitations [Dkt. #35]; and Defendant's Motion to exclude government Access to religious Conversations [Dkt. #43]

The defendant is charged with 32 counts of Securities Fraud, Wire Fraud, Mail Fraud and Money Laundering. [Dkt. #1]. The government claims Mr. Bush has been engaged in a variety of scams throughout the country and beyond since the 1980s, and that there are more than $30 million in losses.

In his first Motion, Defendant Bush argues that he is a "corporation sole," created for religious purposes, and that he is therefore no longer a "person" and is "protected from civil or criminal attack." This argument is based on RCW Chapters 24.12 and 23B.17, which provide in an unrelated context that the articles of incorporation "may limit or eliminate the personal liability of a director as long as those actions are not intentional misconduct[.]" By the Defendant's reasoning, the articles of incorporation trump the criminal laws and permit him to engage in virtually any conduct without fear of civil or criminal consequence. This

argument is utterly without merit and the Motion to Dismiss the indictment on this basis is DENIED.

Defendant Bush also seeks to have the indictment dismissed on the basis that the applicable five year limitations period of 18 U.S.C. §3288 expired before the indictment was filed. As Mr. Bush admits, the indictment alleges (in Count One) that defendant made a sale of a security to "S.R." on January 23, 2002, less than five years prior to the indictment. Mr. Bush's defense - that he does not know who S.R. is and cannot recall such a transaction – is hardly sufficient for determining that the limitations period expired. Defendant's Motion to Dismiss on this basis is similarly DENIED.

Finally, Defendant Bush seeks to exclude evidence gathered by the government at the FDC, which he claims reflect conversations of a religious (or spiritual guidance) nature, and which he claims are protected by the Religious Freedom Restoration Act (RFRA) 42 U.S.C. §2000bb(b). He asks the Court to prohibit the government from listening to or otherwise using conversations he believes are religious in nature. The government suggests the court review tapes of conversations, and emails, that the Defendant deems protected, and for the court to determine in camera whether they include information unrelated to spiritual guidance, and if so, to order that the government is permitted to review the non-privileged material. They cite a number of cases in which a similar procedure has been used.

The Court therefore ORDERS the Defendant to designate and provide copies of those tapes and emails he claims contain protected religious conversations for in camera review by the Court. After reviewing the materials, the court will issue an additional Order addressing the confidentiality claim as to each item.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2